# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROBERT D. FISHER,**

        **Petitioner,**

**v.**                                         **Civil Action No. 2:07cv12**
                                                        **(Judge Maxwell)**

**THOMAS MCBRIDE,**

        **Respondents.**

## OPINION/REPORT AND RECOMMENDATION

On February 6, 2007, the *pro se* petitioner filed a Petition for Writ of Mandamus. This case is before the undersigned for a preliminary review and Report and Recommendation.

In his petition, Petitioner asserts that he filed a habeas corpus petition in the Circuit Court of Mineral County. That petition was denied on February 28, 2006. Petitioner asserts that he then filed an appeal of that decision and has a certified mail return receipt showing acceptance of his appeal on April 20, 2006. On September 8, 2006, the Petitioner inquired with the WVSCA as to the status of said appeal. On November 3, 2006, Petitioner received a letter from the Clerk of Court advising him that no appeal had been received. As a result, Petitioner asserts that he promptly filed a copy of his habeas appeal directly with the Clerk of the WVSCA. Petitioner asserts that the Clerk renamed his appeal as a writ of mandamus. Petitioners' writ was subsequently refused by the Court. Petitioner now seeks a writ of mandamus seeking a "reversal and remand based upon the Constitutional issues raised therein."

Pursuant to 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any

agency thereof to perform a duty owed to the plaintiff." However, the Court's authority to issue a writ of mandamus extends only to the issuance of writs necessary or appropriate in aid of its jurisdiction. 28 U.S.C. § 1651. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (internal quotations omitted).

In this instance, Petitioner does not seek a writ of mandamus against an "officer or employee of the United States or any agency thereof." Therefore, his right to a writ of mandamus is not clear and indisputable. Moreover, whether or not this Court has the authority to issue a writ against, presumably, the WVSCA,[1] Petitioner has failed to meet the requirements for invoking such a drastic remedy. Petitioner does not allege, much less establish, that he has no other adequate means to attain the relief he desires. Rather, it would appear from the petition that Petitioner should have raised these issues in the Circuit Court of Mineral County, or filed a motion to file petition for appeal out-of-time with the WVSCA.[2]

Within ten (10) days after being served with a copy of this opinion, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be

---

[1] Although Petitioner names his custodian, Warden Thomas McBride as the Respondent in this case, Petitioner does not actually say who he seeks the writ of mandamus against. Clearly, however, the Respondent would not have the authority to reopen Petitioner's habeas corpus proceedings in state court.

[2] Petitioner asserts that he filed an appeal of the denial of his habeas corpus petition and that he has proof that such was received by the Circuit Court of Mineral County. If the Circuit Court received the petition, but failed to docket the appeal and/or forward it to the WVSCA, it would appear that Petitioner may have grounds to either refile his appeal or seek to file his appeal out-of-time.

submitted to the Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner and counsel of record, as applicable.

DATED: March 5, 2007.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE